UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES ERNEST DICKERSON,

    Plaintiff,

  v.

DAVID HAROLD BRUNEAU *et al.*,

    Defendants.

Case No. C06-5475RBL

REPORT AND RECOMMENDATION

**NOTED FOR:
NOVEMBER 3rd, 2006, 2006**

      This 42 U.S.C. § 1983 action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4.  Plaintiff has filed a proposed complaint and applied for *in forma pauperis* status. (Dkt. # 1). The application was deficient and the court clerks office sent plaintiff a letter indicating the application was deficient because plaintiff had not provided a prison trust account or marshals service forms.  (Dkt # 2) Plaintiff was given until September 21st to cure the defects.  (Dkt # 2).  The letter specifically informed plaintiff that if a response was not received before September 21st, 2006 the action may be subject to dismissal.  (Dkt # 2).

      Plaintiff has not responded.  The district court may permit indigent litigants to proceed *in*

REPORT AND RECOMMENDATION- 1

*forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed in forma pauperis. <u>Weller v. Dickson</u>, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

  Based on the above, the Court should deny plaintiff's application to proceed *in forma pauperis*,. Plaintiff has not shown that is unable to pay the full filing fee to proceed with his lawsuit.  Mr. Dickerson has failed to comply with a court order and failed to cure the deficiencies in his application.  The court should direct Mr. Dickerson to pay the filing within 30 days of the court's order and if he fails to pay the filing fee the clerk should be directed to dismiss this matter.

  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 3rd, 2006**, as noted in the caption.

  DATED this 28th day of September, 2006.

           <u>/S/ J. Kelley Arnold</u>
           J. Kelley Arnold
           United States Magistrate Judge

REPORT AND RECOMMENDATION- 2