UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES ERNEST DICKERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID HAROLD BRUNEAU *et al.*,<br><br>    Defendants. | Case No.  C06-5475RBL<br><br>ORDER DENYING PLAINTIFF'S MOTIONS, STAYING THE ACTION, AND ORDERING PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS FRIVOLOUS |

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff has paid the filing fee and is not proceeding *in forma pauperis.*

    In this action, plaintiff challenges the actions of the prosecuting attorney, the Judge, a police officer, and his assigned counsel. The actions are related to his 1992 criminal conviction for attempted murder in the second degree (Dkt. # 6). He is currently serving a sentence as a result of that conviction (Dkt. # 6).

    Before the court are three motions. In the first motion, plaintiff asks for misjoinder or non joinder of a defendant (Dkt. # 7). Plaintiff asks to add his assigned counsel as a named defendant in this action

ORDER
Page - 1

(Dkt. # 7). This motion must be **DENIED.**

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), *overruled on other grounds*, <u>Daniels v. Williams</u>, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. <u>Haygood v. Younger</u>, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

A defense attorney, even if they are assigned counsel, does not act under color of state law. *See* <u>Polk County v. Dodson</u>, 454 U.S. 312, 317-18 (1981). Moreover, if plaintiffs actually suffered due to the ineffectiveness of his attorney's performance during state court proceedings, this § 1983 case would similarly be dismissed pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), as the issue of ineffectiveness of counsel necessarily calls into question the fact or duration of plaintiff's conviction and plaintiff has not alleged that the underlying conviction has been overturned, expunged, or otherwise invalidated.

The second and third motion are requests to amend the complaint (Dkt. # 8 and 12). Plaintiff has submitted a proposed amended complaint that suffers from the same defects as his original complaint (Dkt. # 8 proposed amended complaint). No complaint that calls into question the 1992 conviction or sentence that is still being served will state a claim under 42 U.S.C. 1983 until plaintiff receives relief through Habeas Corpus. <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). The court is aware that plaintiff cannot now file a habeas corpus action because his claim is time barred. <u>See</u> <u>Dickerson v Porter</u>, 05-CV-5635RJB. This means plaintiff is procedurally barred from filing this claim. <u>Guerrero v. Gates</u>, 442 F.3d (9th Cir. 2006).

Amendment would be futile. Further, this is not the first time Mr. Dickerson has brought the claims that are the subject of this action. Mr. Dickerson tried to bring an action against his defense counsel in 1996 and that action was dismissed as frivolous with the dismissal counting as a strike under the Prison Litigation Reform Act. <u>See</u> <u>Dickerson v Rogers</u>, 06-CV-5419 FDB.

Mr. Dickerson is now **ORDERED TO SHOW CAUSE** why this action should not be dismissed as frivolous. A response to this order will be due on or before **March 2, 2007.** In all other respects this

ORDER
Page - 2

action is **STAYED.**

The Clerk is directed to send a copy of this order to plaintiff and note the **March 2, 2007** date on the court's calendar.

DATED this 29 day of January, 2007.

          J. Kelley Arnold          */S/ J. Kelley Arnold*
                                            United States Magistrate Judge

Page - 3