UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES ERNEST DICKERSON,

 Plaintiff,

 v.

DAVID HAROLD BRUNEAU *et al.*,

 Defendants.

Case No. C06-5475RBL

REPORT AND RECOMMENDATION

**NOTED FOR:
April 27, 2007**

 This 42 U.S.C. § 1983 action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4. The plaintiff is not proceeding *in forma pauperis* and has paid the filing fee (Receipt number 1278).

 In January of 2007 the court entered an order to show cause why this action should not be dismissed as frivolous (Dkt. # 13). In that order the court stated:

> In this action, plaintiff challenges the actions of the prosecuting attorney, the Judge, a police officer, and his assigned counsel. The actions are related to his 1992 criminal conviction for attempted murder in the second degree (Dkt. # 6). He is currently serving a sentence as a result of that conviction (Dkt. # 6).

REPORT AND RECOMMENDATION- 1

Before the court are three motions. In the first motion, plaintiff asks for misjoinder or non joinder of a defendant (Dkt. # 7). Plaintiff asks to add his assigned counsel as a named defendant in this action (Dkt. # 7). This motion must be **DENIED.**

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

A defense attorney, even if they are assigned counsel, does not act under color of state law. *See* Polk County v. Dodson, 454 U.S. 312, 317-18 (1981). Moreover, if plaintiffs actually suffered due to the ineffectiveness of his attorney's performance during state court proceedings, this § 1983 case would similarly be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), as the issue of ineffectiveness of counsel necessarily calls into question the fact or duration of plaintiff's conviction and plaintiff has not alleged that the underlying conviction has been overturned, expunged, or otherwise invalidated.

The second and third motion are requests to amend the complaint (Dkt. # 8 and 12). Plaintiff has submitted a proposed amended complaint that suffers from the same defects as his original complaint (Dkt. # 8 proposed amended complaint). No complaint that calls into question the 1992 conviction or sentence that is still being served will state a claim under 42 U.S.C. 1983 until plaintiff receives relief through Habeas Corpus. Heck v. Humphrey, 512 U.S. 477 (1994). The court is aware that plaintiff cannot now file a habeas corpus action because his claim is time barred. See Dickerson v Porter, 05-CV-5635RJB. This means plaintiff is procedurally barred from filing this claim. Guerrero v. Gates, 442 F.3d (9th Cir. 2006).

Amendment would be futile. Further, this is not the first time Mr. Dickerson has brought the claims that are the subject of this action. Mr. Dickerson tried to bring an action against his defense counsel in 1996 and that action was dismissed as frivolous with the dismissal counting as a strike under the Prison Litigation Reform Act. See Dickerson v Rogers, 06-CV-5419 FDB.

(Dkt. # 13).

Plaintiff has responded by filing a "Motion To Show Cause" (Dkt. 14). Plaintiff argues proceeding with the action does not call into question the validity of his criminal conviction. However, plaintiff goes on to argue the 40-year sentence he received is evidence the prosecuting attorney and his assigned counsel had an improper motive in charging him with a crime (Dkt. # 14, page 2).

Plaintiff's attorney in a criminal case does not act under color of state law and simply cannot

REPORT AND RECOMMENDATION- 2

Case 3:06-cv-05475-RBL   Document 15   Filed 03/21/07   Page 3 of 3

be a proper defendant in a civil rights action. *See* Polk County v. Dodson, 454 U.S. 312, 317-18 (1981).

Further, any ruling in plaintiff's favor calls into question the criminal conviction for which he is currently serving time. As noted above, Plaintiff is time barred from proceeding in Habeas Corpus. He is procedurally barred from filing this action. Guerrero v. Gates, 442 F.3d (9th Cir. 2006).

Plaintiff argues the action should be dismissed without prejudice so he may file the action at a later date (Dkt. # 14). Because of the time bar and the procedural bar, dismissal without prejudice is not warranted. This action should be **DISMISSED WITH PREJUDICE**. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 27, 2007** as noted in the caption.

DATED this 20 day of March, 2007.

                                */S/ J. Kelley Arnold*
                                J. Kelley Arnold
                                United States Magistrate Judge

REPORT AND RECOMMENDATION- 3